IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WYKESHIA SEYMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16-cv-314-GMB |
| | ) | [WO] |
| LINDA SHEFFIELD d/b/a COMPLETE | ) | |
| CAREGIVERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Before the court is the parties' Notice of Settlement and Request for Judicial Approval of Settlement Agreement (Doc. 5). The parties are requesting approval to settle the claims of Plaintiff Wykeshia Seymore ("Seymore") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201−209. A copy of the proposed settlement agreement is attached as an exhibit to the parties' motion. Doc. 5-2. For the reasons that follow, the proposed settlement will be approved with one provision struck.[1]

### **I. APPROVAL OF SETTLEMENT**

"Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement."

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Docs. 9 & 10.

*Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). The first exception to this rule is that the Secretary of Labor may supervise the payment of back wages to employees under 29 U.S.C. § 216(c). The second exception permits settlement of an employee's claims for back wages under 29 U.S.C. § 216(b) if a court scrutinizes the settlement and determines that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).

The second exception is applicable here, as there is a bona fide dispute over the amount of unpaid overtime wages owed to Seymore. After conducting a fairness hearing and reviewing the terms of the settlement agreement—by which Seymore will receive $5,925 ($2,962.50 in unpaid overtime wages; $2,962.50 in liquidated damages; and $500 as consideration for a general release of all claims she could have asserted as part of this lawsuit) and her attorneys will receive $9,985 in fees and expenses—the court concludes that the proposed settlement is a fair and reasonable resolution of the dispute, except to the extent discussed below.

## II. CONFIDENTIALITY PROVISION

Section 4 of the proposed settlement agreement prohibits Seymore from disclosing "the terms, conditions, and amounts" of the agreement "except as may be required by law or court order to comply with judicial process or tax reporting requirements." Doc. 5-2 at 2. However, "confidentiality provisions in, and the sealing of, FLSA agreements are against public policy." *Hunter v. Big Daddy Foods, Inc.*, 2016 WL 900645, at *2 (M.D. Ala. Mar. 9, 2016). This is because, absent some compelling reason, removing FLSA

settlement agreements between employees and employers from public scrutiny would "thwart the public's independent interest in assuming that employees' wages are fair and thus do not endanger the national health and well-being." *Stalnaker*, 293 F. Supp. 2d at 1264; *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) ("A confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA. . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."). During the fairness hearing, neither party presented the court with a compelling reason to approve the parties' proposed settlement as submitted (that is, with the confidentiality provision included).[2] Given the absence of such a reason, along with the strongly disfavored view of confidentiality provisions in FLSA settlements among courts in this Circuit, the court is compelled to strike Section 4 from the parties' proposed settlement agreement.[3] *See, e.g.*, *Guerra v. Flores*, 139 F. Supp. 3d 1288, 1292 (M.D. Ala. 2015) ("Non-public FLSA settlements are not fair and reasonable because the rights secured by the FLSA have a public-private character . . . ."); *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1289−91 (N.D. Ala. 2014); *Walker v. U.S. Title Loans, Inc.*, 2011 WL 1789976, at *2 (M.D. Ala. May 10, 2011) ("Numerous courts have recently declined

---

[2] During the fairness hearing, Defendant informed the court that she requested the inclusion of the confidentiality provision in the settlement agreement out of a concern for her clients' privacy. The court does not find this reason compelling enough to justify a departure from the well-settled consensus in this Circuit that confidentiality provisions in FLSA settlement agreements are generally against public policy and, therefore, should not be enforced.

[3] The court further notes that the confidentiality provision is likely unenforceable, or at least ineffective for its stated purpose, as a result of the public filing of the proposed settlement agreement. *See Hunter*, 2016 WL 900645 at *2, n.2; *Poulin v. Gen. Dynamics Shared Res., Inc.*, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010).

to approve FLSA settlement agreements containing confidentiality provisions or have limited their approval of the agreement to those terms excluding such provisions."); *Dees*, 706 F. Supp. 2d at 1242. The remainder of the agreement is approved.

An appropriate judgment will be entered separately.

DONE this 29th day of June, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE
